Estate of Sam Weingart, Deceased, Morton W. Weingart, Bernard A. Weingart and Sidney Weingart, Executors v. Commissioner.
Estate of Weingart v. Commissioner
Docket No. 2367.
United States Tax Court
1944 Tax Ct. Memo LEXIS 377; 3 T.C.M. (CCH) 121; T.C.M. (RIA) 44033; February 8, 1944
*377 M. R. Schlesinger, Esq., 837 Union Commerce Bldg., Cleveland, O., for the petitioners. Cecil H. Haas, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: The Commissioner determined a deficiency in income tax in the amount of $780.30 for the year 1941. The issue is whether the buildings on certain income producing real property owned by the decedent on which depreciation was taken were capital assets as defined by section 117(a)(1) of the Internal Revenue Code. [The Facts] The facts were stipulated and are so found. The petitioners are the executors of the Estate of Sam Weingart, deceased, who died on February 8, 1942. The petitioners filed a federal income tax return on behalf of the decedent for the calendar year 1941 with the collector of internal revenue for the first district of Ohio. In 1929 Sam Weingart, decedent, purchased Unit No. 23 and in 1939 Unit No. 21 of the North Ohio Food Terminal, consisting of spaces in that terminal on the land on which they were located. Neither of these units was ever used by decedent for other than income producing purposes. Both these units were leased by the decedent to the Forest City Weingart Produce Company, a corporation *378 organized by the decedent and Max Bernstein in 1935. In 1939 the decedent acquired all the stock of the company and became its president. The decedent reported the gross rent received from these units, from which he deducted depreciation, and other expenses such as real estate taxes, mortgage interest and fire insurance premiums in his income tax returns for each year. Decedent paid income taxes on the net rent. On October 1, 1941 the decedent sold both these units at a profit. The petitioners, in their income tax return filed on decedent's behalf, reported such gain, allocated to the buildings, as taxable only to the extent of 50 per cent thereof. The respondent determined that 100 per cent of the gain should be recognized. The deficiency notice states "since the buildings involved in the sales are not deemed to be capital assets within the provisions of Section 117 (a) (1) of the Internal Revenue Code, the portion of gains attributable to the buildings is considered ordinary gain." The decedent, in the taxable year and for many years prior thereto, owned no other real estate, except a half interest in a vacant lot acquired in 1930. The petitioners contend that the real estate *379 sold by the decedent in 1941 constituted "capital assets" and that only 50 per cent of the entire gain is taxable as income. The argument is that the property was purchased for investment purposes; that it was not used in the decedent's business since he devoted only such time and labor in connection therewith as was required to collect the rents, pay the taxes and interest on the mortgages. These facts, petitioners say, distinguish the instant case from that of Fackler v. Commissioner, 133 Fed. (2d) 509, which affirmed a decision of the Board of Tax Appeals (45 B.T.A. 708). In that case, involving a 1938 deficiency, in which the identical question here was raised, the Board of Tax Appeals, now the Tax Court of the United States, stated that The rule deducible from the above decisions [a number of decisions had been cited] is that, where the owner of depreciable property devotes it to rental purposes and exclusively to the production of taxable income, the property is used by him in a trade or business and depreciation is allowable thereon. That case is thus decisive here unless the pertinent statutory provisions applicable *380 there [1] were amended, effective in the taxable year, so as to require a different result. The only such change is that in section 23(1), supra, effected by section 121 of the Revenue Act of 1942 and made retroactive "to taxable years beginning after December 31, 1938." [2] Petitioner argues that only such property of the taxpayer held for the production of income as is used in his trade or business is excluded from "capital assets." Assuming, however, that this is the meaning of the amended provision, under the rule quoted from our opinion in the Fackler case, the property the tax on the sale of which is here in controversy was held by the taxpayer in a trade or business since it was devoted exclusively to the production of taxable income, and depreciation was allowable thereon. *381 Decision will be entered under Rule 50.
Footnotes
1. INTERNAL REVENUE CODE. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. - As used in this chapter - (1) Capital Assets. - The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1); REVENUE ACT OF 1938. SEC. 23 DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (1) Depreciation. - A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. * * * ↩
2. SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS. * * * * *
(c) Depreciation Deduction. - The first sentence of section 23 (1) (relating to deduction for depreciation) is amended to read as follows: "A reasonable allowance for exhaustion, wear and tear (including a reasonable allowance for obsolescence) - "(1) of property used in the trade or business, or "(2) of property held for the production of income." (d) Taxable Years to Which Amendment Applicable. - The amendments made by this section shall be applicable to taxable years beginning after December 31, 1938.↩